UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LADONNA MANSELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-21-306-P |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| Acting Commissioner of the | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. Section 423. Defendant has answered the Complaint and filed the administrative record (hereinafter AR___), and the parties have briefed the issues. For the following reasons, Defendant's decision is affirmed.

I.  Administrative History and Final Agency Decision

Plaintiff protectively filed her application for DIB on May 29, 2019. AR 11. Plaintiff alleged she became disabled on March 31, 2017. *Id.* The Social Security Administration denied Plaintiff's application on July 10, 2019, and on reconsideration on July 25, 2019. *Id.*

1

Plaintiff appeared with counsel and testified during a telephonic administrative hearing before an Administrative Law Judge ("ALJ") on July 17, 2020. AR 11, 35-60. A vocational expert ("VE") also testified. AR 54-58. On July 31, 2020, the ALJ issued a decision finding Plaintiff was not disabled within the meaning of the Social Security Act from March 31, 2017 through the date last insured. AR 8-20.

Following the agency's well-established sequential evaluation procedure, the ALJ found Plaintiff had not engaged in substantial gainful activity since March 31, 2017, the alleged onset date. AR 13. At the second step, the ALJ found that through the date last insured, Plaintiff had the following severe impairments: obesity, hypertension, and loss of vision in left eye. *Id.* "However, after the date of last insured, the claimant's condition worsened to include later onset osteoarthritis of bilateral knees; chronic pain disorder; and acute bronchitis." *Id.* At the third step, the ALJ found that through the date of last insured, her impairments were not *per se* disabling as Plaintiff did not have an impairment or combination of impairments meeting or medically equaling the requirements of a listed impairment. AR 14.

At step four, the ALJ found that through the date of last insured, Plaintiff had the residual functional capacity ("RFC") to perform less than a full range of light work. AR 15. Specifically, Plaintiff "is limited to occupations that do not require

peripheral acuity to the left or depth perception and must avoid hazards such as moving machinery, open flames, and unprotected heights." *Id*.

At step five, the ALJ, relying on the VE's testimony, determined Plaintiff could perform her past relevant work as a general clerk and a manager trainee. AR 19. As a result, the ALJ concluded Plaintiff had not been under a disability, as defined by the Social Security Act, from March 31, 2017 through the date of last insured. AR 20.

The Appeals Council denied Plaintiff's request for review, and therefore the ALJ's decision is the final decision of the Commissioner. 20 C.F.R. § 404.981; *Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009).

## II. Issue Raised

On appeal, Plaintiff contends the ALJ erred by failing to include additional limitations in the RFC related to her visual impairment. Doc. No. 14 ("Op. Br.") at 3-5.

## III. General Legal Standards Guiding Judicial Review

Judicial review of Defendant's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). Substantial evidence "means—and means only— 'such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion.'" *Biestek v. Berryhill*, __ U.S. __, 139 S.Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

The "determination of whether the ALJ's ruling is supported by substantial evidence must be based upon the record taken as a whole. Consequently, [the Court must] remain mindful that evidence is not substantial if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (citations, quotations, and brackets omitted). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* (quotations omitted). While a court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, a court does not reweigh the evidence or substitute its own judgment for that of Defendant. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

IV.  Analysis

Plaintiff argues the ALJ erred by only accounting for some of the limitations resulting from Plaintiff's eye impairment. The parties do not dispute the fact of Plaintiff's visual impairment in her left eye, nor that it results in significant limitations. Plaintiff, however, argues in her Opening Brief that the ALJ should have included a limitation in the RFC limiting her to occupations that do not require accommodation.

In asserting this argument, Plaintiff cites to her testimony during the administrative hearing.

> Q. Okay. So back in '15, '16 and the first part of '17 when you say left eye blindness could, could you see at all out of the left eye or was it just blurry?
>
> A. It's got a spot over the certain part of me, my eyeball, the round part, there's a spot there so I can see out of the corner but I can't see directly out in front of me with my left eye. You can't see nothing.

AR 47. Plaintiff asserts that based on the medical evidence as well as her testimony, "the ALJ [] should have included a limitation to [Plaintiff's] ability to perform accommodation." Op. Br. at 4.

Plaintiff defines accommodation as "the process in which the eyes see objects at different distances and maintain clear images of the objects by the convergence and divergence of light." Op. Br. at 5 (citing Onome, Okpe, KenHub, *Accommodation*, https://www.kenhub.com/en/library/anatomy/accommodation). Relying on the same website, Plaintiff gives the following example to illustrate accommodation:

> A common example illustrating this ability is when an individual holds a pencil out in front of their eyes with an outstretched arm. As the individual moves the pencil towards their eyes, the eyes converge to keep the pencil in focus, blurring out anything in the background. This is accommodation.

*Id.* (footnotes omitted).

In her Response, Defendant notes that the website upon which Plaintiff relies indicates the example of accommodation she provides is actually indicative of convergence, not accommodation.

> Plaintiff's example . . . —holding a pencil at arm's length and then moving it towards one's face—is an example of convergence not accommodation. Indeed, the source Plaintiff cites makes this clear: "Convergence is the simultaneous movement of both eyes inward when viewing a near object." Everyday Sight, Accommodation Reflex, https://www.everydaysight.com/accommodation-reflex/ (last visited January 3, 2022). "If the eyes do not converge appropriately, double vision will occur." *Id.* Plaintiff does not claim to have a problem with double vision.

> Accommodation—the ability to switch focus to clearly see objects at different distances—is the result of the eye's lens changing shape. *Id.* "If the lens does not change shape the eyes would not be able to focus on items at various distances." *Id.*

Doc. No. 21 at 3-4.

The Court notes that the website to which the parties refer indicates convergence as something that occurs during accommodation. Thus, whether it's truly a separate limitation or symptom is not clear. Regardless, although Plaintiff asserts that the accommodation limitation is supported by the medical record and her testimony, she does not cite to any medical evidence supporting such a limitation. While the fact of her visual impairment is undisputed between the parties, nothing in the record indicates her ability to perform accommodation and/or convergence is impaired. Neither the ALJ nor this Court should pretend to be medical experts, drawing medical conclusions that medical professionals did not indicate or

substituting our own knowledge for that contained within the record. *See, cf., Lax v. Astrue*, 489 F.3d 1080, 1089 (10th Cir. 2007) ("[A]n ALJ cannot substitute [his] lay opinion for that of a medical professional."); *Linam v. Kijakazi*, Civ. No. 20-63 GJF, 2021 WL 3542661, at *3 (D.N.M. Aug. 11, 2021) (same); *Pickett v. Astrue*, No. 11–1227–JWL, 2012 WL 4344086, at *10 (D. Kan. Sept. 21, 2012) ("[A]n ALJ may not make medical judgments and may not overstep his bounds into the province of medicine to substitute his medical judgment for that of a physician[.]"); *Oates v. Astrue*, Civ. No. 07-1280 ACT, 2009 WL 10708289, at *8 (D.N.M. April 9, 2009) (noting that an ALJ is not qualified to make a medical judgment); *Thorn v. Barnhart*, No. CIV 03-1398 WDS, 2004 WL 7337540, at *3 (D.N.M. Nov. 30, 2004) ("An ALJ is not entitled to overstep his or her bounds into the province of medicine." (citing *Miller v. Chater*, 99 F.3d 972, 977 (10th Cir. 1996)); *Chan Wai King v. Sullivan*, 757 F. Supp. 179, 186 (E.D.N.Y. 1991) ("[C]ases have [] severely limited the authority of an ALJ and the Appeals Council to draw medical conclusions where medical evidence is lacking.").

Plaintiff does not cite to any medical evidence the ALJ failed to consider. Thus, Plaintiff merely disagrees with the conclusions drawn by the ALJ. However, Plaintiff's mere disagreement with the ALJ's conclusion provides no basis for this Court to reweigh the evidence in the manner she implicitly requests. *Thompson v.*

*Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). Therefore, this claim of error is denied.

## V.   Conclusion

Based on the foregoing analysis, the decision of Defendant is affirmed. Judgment will issue accordingly.

ENTERED this ___26th___ day of January, 2022.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE